THE WABASH COMPANY, INC. *v.* FREDDIE LEE BEASLEY.

[No. 1-1076A194. Filed February 1, 1977.]

*Donald G. Henderson, Henderson & Henderson,* of Bedford, for appellant.

*Gordon K. Emery, Bruce A. Hewetson, Donovan & Emery,* of Bedford, for appellee.

LOWDERMILK, J.—Beasley and Wabash executed a written contract whereby Wabash, for a consideration of $1,010.00, promised Beasley to install aluminum siding with accessories upon his home.

Wabash argues that the trial court applied an incorrect measure of damages, and/or, the damages awarded Beasley were excessive. The trial court awarded $1,010.00 as damages which represented the total price he had paid for the aluminum siding and accessories. Beasley, in addition, was allowed to retain all of the aluminum siding and accessories without any reduction in the amount of damages awarded.

Beasley offered *no proof* at trial as to what the costs of curing Wabash's defective performance would be, or, what the value of his home was after the aluminum siding was defectively installed and what its value would have been had the aluminum siding been propertly installed. Rather, Beasley argues that since the aluminum siding and accessories were *without value* as installed the trial court could have reasonably concluded that his damages were $1,010.00, as reflected by the contract price.

The trial court did not find that the aluminum siding was *without value,* rather, it found that in order to correct the defects the siding would have to be removed and the job started over. A partner in the Wabash Company testified that an offer was made to Beasley to remove the aluminum siding, check it for insulation, and then put it back on his home with Beasley to pay the expense thereof if the insulation was on the house which Beasley refused to do. Also, the trial court allowed Beasley to retain certain accessories which complemented the aluminum siding. Our examination of the record discloses that Beasley has voiced no complaints about the value of these accessories.

There being no proof as to the amount of damages, if any, Beasley was entitled to recover, the judgment of the trial court awarding Beasley $1,010.00 is not supported by sufficient evidence and therefore contrary to law.

Reversed and remanded for new trial.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 359 N.E.2d 266.